

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00390-CR

_____

RAFAEL ALEJANDRO JR., Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1656147

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

A jury found Appellant Rafael Alejandro Jr. guilty of three offenses: (1) continuous sexual abuse of a child under fourteen (Count 1), Tex. Penal Code Ann. § 21.02(b); (2) indecency with a child by sexual contact (Count 8), *id.* § 21.11(a)(1), (d); and indecency with a child by exposure (Count 9), *id.* § 21.11(a)(2)(A), (d). It assessed his punishments at, respectively, seventy-five years' confinement, twenty years' confinement, and ten years' confinement.[1] The trial court ordered the Count 8 sentence to run concurrently with the Counts 1 and 9 sentences. But it ordered the Count 1 and 9 sentences to run consecutively.

## I. *Anders* Discussion

Alejandro's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), representing that after "diligently review[ing] and evaluat[ing] the record . . . and [having] researched the law applicable to the facts and issues contained therein," he concluded that "the appeal in this case is frivolous and wholly without merit." Complying with *Kelly v. State*, counsel provided Alejandro with copies of the brief and

---

[1] By finding Alejandro guilty of continuous sexual abuse of a child under fourteen, the jury mooted Counts 2 through 7, which were all lesser-included offenses of Count 1. A defendant may not be convicted of both the offense of continuous sexual abuse of a child and the specific acts constituting the offense of continuous sexual abuse of a child. *See id.* § 21.02(e). Indecency by touching the breast of a child and indecency by exposure—Counts 8 and 9—are not among the listed offenses that qualify for purposes of the offense of continuous sexual abuse of a child. *See id.* § 21.02(c)(2).

motion to withdraw and informed him of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record showing why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Alejandro was given the opportunity to file a pro se response to the *Anders* brief and filed one. The State agreed with Alejandro's appointed counsel that the appeal is frivolous.

Once an appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, Alejandro's pro se response, and the appellate record. But for clerical error, we find nothing in the appellate record that arguably might support the appeal and agree with counsel that it is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

3

## II. Clerical-Error Discussion

Regarding the clerical error, the judgment for Count 1 reflects the imposition of a "Child Abuse Prevention Fine" of $100, but the trial court did not orally pronounce a fine during sentencing. A fine must be orally pronounced in the defendant's presence. *Akhil v. State*, No. 02-24-00311-CR, 2025 WL 2007326, at *1 (Tex. App.—Fort Worth July 17, 2025, no pet. h.) (mem. op., not designated for publication); *Burcie v. State*, No. 02-23-00283-CR, 2024 WL 4898784, at *2 (Tex. App.—Fort Worth Nov. 27, 2024, pet. ref'd) (mem. op., not designated for publication). We have the authority to modify a judgment to make it speak the truth. *Medrano v. State*, No. 02-19-00430-CR, 2020 WL 3410501, at *1 (Tex. App.—Fort Worth May 28, 2020, no pet.) (mem. op., not designated for publication). We correct the Count 1 judgment by deleting the $100 fine that was not orally pronounced during sentencing. *See Akhil*, 2025 WL 2007326, at *1; *Burcie*, 2024 WL 4898784, at *2.

In addition to deleting the $100 fine, we also delete from the Count 1 judgment the "Special Finding" that recites, "$290.00 COURT COSTS, REIMBURSEMENT FEES IN THE AMOUNT OF $20.00 AND $100.00 CHILD ABUSE FINE TO RUN CONCURRENT WITH SENTENCE." This special finding makes no sense because the trial court did not assess any court costs, reimbursement fees, or fines in the Count 8 and Count 9 judgments, so there are no other judgments with which Count 1's court costs, reimbursement fees, and fines can run concurrently. *See Sentence, Concurrent Sentences*, Black's Law Dictionary (12th ed. 2024) ("Two or more sentences of

4

jail time to be served simultaneously. For example, if a convicted criminal receives concurrent sentences of 5 years and 15 years, the total amount of jail time is 15 years."). Accordingly, we delete that special finding.

We also modify the bill of costs to conform to the judgments. The judgments provide that Alejandro is to pay "any fines, court costs, reimbursement fees, and restitution due" on his release from confinement. The bill of costs currently reflects that (1) Alejandro was assessed $290 in court costs and that nothing was due and (2) Alejandro was assessed $20 in reimbursement fees and that $20 was currently due. We modify the bill of costs to provide that Alejandro was assessed $290 in court costs and $20 in reimbursement fees and that both the court costs and reimbursement fees are due on his release from confinement. *See Ramirez v. State*, No. 02-24-00224-CR, 2025 WL 1350046, at *2–3 (Tex. App.—Fort Worth May 8, 2025, no pet.) (mem. op., not designated for publication).

### III. Conclusion

We grant counsel's motion to withdraw.

We modify the Count 1 judgment to delete (1) the $100 fine and (2) the following words from the special finding, "$290.00 COURT COSTS, REIMBURSEMENT FEES IN THE AMOUNT OF $20.00 AND $100.00 CHILD ABUSE FINE TO RUN CONCURRENT WITH SENTENCE," and as modified, we affirm the trial court's Count 1 judgment.

We affirm the trial court's Count 8 judgment and Count 9 judgment.

5

We modify the bill of costs to provide that the $290 in court costs and the $20 in reimbursement fees assessed against Alejandro are both due on his release from confinement.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 25, 2025